Harris *vs.* Foster.

tained in the transcript of the record, certified and returned with the writ of error to this court, it is so inserted improperly and without any legal authority, and forms no part of the record of the case brought before this court, by the present writ of error: and of course, this court has not, by virtue of this writ, obtained any jurisdiction thereof, and cannot legally adjudicate and reverse it; nor can the fact of the statute of limitations having run against the plaintiff's, (if indeed they are bound thereby,) so that they cannot, upon another writ of error for this purpose sued out, obtain an adjudication and revision thereof by this court, have the slightest influence upon the present question. And if the plaintiff's are even concluded thereby, they have no right to complain, because the injury, if any, arises from their own laches or default: for surely, if they were aggrieved by said first original judgment, they have had ample time and opportunity to have brought it before this court for revision within the term prescribed by law, and there does not appear to have been any legal impediment at any time to prevent them from so doing. *Motion denied.*

---

## Harris *vs.* Foster.

Held, that on appeal to the circuit court from the probate court, if there be error in the judgment of the probate court, the cause should be tried *de novo,* and the judgment certified back. *Cross et al. vs. Barnes,* and *Crabtree vs. Crabtree,* ante. Affirmed.